IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON NATHANIEL NELSON, | ) | |
| #232 671, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:20-CV-236-WHA |
| | ) | [WO] |
| CORPORAL MS. LEWIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Brandon Nelson ["Nelson"] initiated this 42 U.S.C. § 1983 action by filing a complaint in the Circuit Court for Russell, Alabama, against Mr. Ficher, Officer Harmon, Lieutenant Steve Johnson, Corporal Bernice Lewis, Officer Martin, Officer Rashard Monigan, Officer Ian Perry, and Staff Sergeant Paul Weatherly. On April 8, 2020, Defendants Johnson, Lewis, Monigan, Perry, and Weatherly filed a notice of removal with this court under 28 U.S.C. § 1441(a).[1] In this removal action, Nelson, an inmate incarcerated at the Staton Correctional Facility in Elmore, Alabama, alleges violations of his civil rights arising from his incarceration at the Russell County Detention Center in Phenix City, Alabama. Upon review, the court concludes dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915A.

---

[1] The summons issued in state court for Defendants Ficher, Harmon, and Martin were returned unserved and these defendants have not joined in or consented to removal of this action. Under 28 U.S.C. § 1446(b)(2)(A) all defendants named in the complaint "must join in or consent to removal of the action" in order to properly effectuate removal to this court. However, a co-defendant's lack of consent to removal is a procedural—not jurisdictional—issue with the removal, and "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). *See Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1319–21(11th Cir. 2001). Further, because the removal issue in this proceeding is procedural, not jurisdictional (the court has jurisdiction as Plaintiff presents constitutional claims), the court cannot *sua sponte* remand it to state court.

## I. STANDARD OF REVIEW

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation. The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which states no claim upon which relief can be granted. 28 U.S.C. §1915A(b)(1) & (2). Under § 1915A(b)(1) the court may dismiss a claim as "frivolous where it lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or an affirmative defense would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

The court may dismiss a complaint, or any portion thereof, under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Dismissal under § 1915A(b)(1) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same

standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

Pro se pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## II. DISCUSSION

**A.     The Grievance Claim**

The Russell County Detention Center has an administrative remedy procedure to address inmate complaints. Nelson complains, however, that Defendants fail to follow the mandated procedures. Specifically, Nelson alleges Defendants do not comply with the chain-of-command process to resolve inmate grievances which infringes on his constitutional rights. Doc. 1 at 2.

An essential element of a §1983 action is that the conduct complained of deprived a plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Under the Due Process Clause of the Fourteenth Amendment, no state "shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1; *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). "While a violation of a state or federally created liberty interest can amount to a violation of the Constitution, not every violation of state or federal law or state or federally mandated procedures is a violation of the Constitution." *Buckley v. Barlow*, 997 F.2d 494 (8th Cir. 1993) (citation omitted); *Shango v. Jurich*, 681 F.2d 1091, 1100 (7th Cir. 1982).

In the context of a county jail setting, "an inmate grievance procedure is not constitutionally required." *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986) (citations omitted). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley*, 997 F.2d at 495 (quotation marks and citation omitted); *Bingham v. Thomas*, 654 F.3d 1171, 1177–78 (11th Cir. 2011) (affirming trial court's dismissal, under 28 U.S.C. § 1915A, of inmate's challenge to adequacy of prison's grievance procedures finding "a prison grievance procedure does not provide an inmate with a constitutionally protected interest"); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (holding that federal prison administrative remedy procedures "do not in and of themselves create a liberty interest in access to that procedure," and that "the prisoner's right to petition the

government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance"); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding "[t]here is no legitimate claim of entitlement to a grievance procedure"); *see also Doe v. Moore*, 410 F.3d 1337, 1350 (11th Cir. 2005) (citation and internal quotation marks omitted) (finding "[s]tate-created procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory.").

Here, that Defendants or other jail officials may have failed to comply properly with procedures attendant to the detention center's administrative remedy process or otherwise violated jail administrative procedures, standing alone, provides no basis for relief under § 1983. *See Bingham*, 654 F.3d at 1177–78. And although 42 U.S.C. §1997e(a) requires that an inmate exhaust his available administrative remedies prior to filing suit under § 1983, "[t]he failure [of officials] to adopt or adhere to an administrative grievance procedure shall not constitute the basis for filing an action under [the sections] of this title." 42 U.S.C.§ 1997e(b). *See Lamb v. Gunderson*, 2008 WL 4724818, at *1 (S.D. Ga. Oct. 24, 2008) (finding "[t]he only upshot of any failure to respond to [the inmate-plaintiff's] grievances is that such a failure could bar Defendants from relying on 42 U.S.C. § 1997e(a), which mandates that a prisoner must exhaust any available administrative remedies before filing a § 1983 claim with respect to his conditions of confinement.").

Based on the foregoing, Nelson's allegations against Defendants for their alleged misconduct or violations regarding the jail's grievance procedure fails to state a claim on which relief may be granted. *Neitzke*, 490 U.S. at 327. This claim is therefore subject to dismissal under 28 U.S.C § 1915A(b)(1).

**B.     Verbal Abuse**

Nelson alleges Defendants subjected him to verbal harassment and abuse by making sexually derogatory comments to him about his girlfriend, by antagonizing him with sexual slander, and by masquerading as a national intelligence agent to taunt him with assurances of his freedom following his trial. Doc. 1 at 3–5.

To state a viable claim for relief in a 42 U.S.C. § 1983 action, the conduct complained of must have deprived Nelson of rights, privileges or immunities secured by the Constitution. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999); *Parratt*, 451 U.S. 527; *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). Although "sexual abuse of a prisoner by a corrections officer may in some circumstances violate the prisoner's [constitutional] right[s]" *Boddie v. Schnieder*, 105 F.3d 857, 860–861 (2d Cir. 1997), such constitutional protections do not necessarily extend to mere verbal sexual harassment. That is because, derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not, without more, rise to the level of a constitutional violation. *See Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x. 862, 866 (11th Cir. 2008) (holding that inmate's claim of "verbal abuse alone is insufficient to state a constitutional claim"); *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (noting that mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights); *Ayala v. Terhune*, 195 F. App'x. 87, 92 (3d Cir. 2006) (holding that "allegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (noting that "acts . . . resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Ivey v. Wilson*, 832 F.2d 950, 954-955 (6th Cir. 1987) (holding that verbal

abuse alone is not violative of the Eighth Amendment); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (holding that "alleged verbal threats by jail officials . . . did not rise to the level of a constitutional violation."); *Gaul v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (observing the Eighth Amendment is trivialized by assertion that mere threat constitutes a constitutional wrong); *see also Blueford v. Prunty*, 108 F.3d 251, 254-55 (9th Cir. 1997) (analyzing inmate's claim of sexual harassment under Title VII and holding that prison guard who engaged in "vulgar same-sex trash talk" with inmates was entitled to qualified immunity).

While Defendants' conduct may have been inappropriate, puerile, and unprofessional, Nelson fails to state a cognizable claim regarding Defendants' verbal taunts, abuse, and harassment. This claim is therefore due to be dismissed under 28 U.S.C. § 1915A(b)(1).

**C.    Relief**

Even had Nelson alleged sufficient facts against Defendants to state a claim, the court cannot grant his requested relief. Specifically, Nelson seeks a reduced sentence and an investigation of his claims by, among others, internal affairs, should his claims not be resolved. Inmates, however, "do not enjoy a constitutional right to an investigation of any kind by government officials," *Banks v. Annucci*, 48 F.Supp.3d, 394, 414 (N.D. N.Y. 2014), and where the relief sought by an inmate is a determination he is entitled to immediate release or a speedier release from imprisonment, the inmate's federal remedy is by way of a writ of habeas corpus, *see Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). Therefore, the court cannot provide Nelson with the requested injunctive relief.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915A(b)(1).

It is

ORDERED that Plaintiff's motion for appointment of counsel (Doc. 1) is DENIED.

It is further

ORDERED that **on or before June 29, 2020**, the parties may file an objection to the Recommendation.  The parties are advised they must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.  The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed factual findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 15th day of June 2020.

    /s/  Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE